2001221

FILED

2011 MAY 13 PM 1: 24

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS L. JOHNSON and ) <br> YOLANDA HUDSON-JOHNSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FRANCISCAN ALLIANCE, INC. ) <br> d/b/a FRANCISCAN ST. ) <br> MARGARET HEALTH - HAMMOND, ) <br> ) <br> Defendant. ) | JURY TRIAL REQUESTED <br><br> Case No.  2 11 CV-168 |

## COMPLAINT FOR DAMAGES

Comes now Plaintiffs, Thomas J. Johnson and Yolanda Hudson-Johnson, by counsel, Daniel B. Vinovich of Hilbrich Cunningham Dobosz Vinovich & Sandoval, LLP, for their Complaint for Damages states as follows:

1. Plaintiffs are residents of Cook County, Illinois.

2. Defendant Franciscan Alliance, Inc. d/b/a Franciscan St. Margaret Health - Hammond owns and operates a hospital known as St. Margaret Mercy Healthcare Center in Hammond, Lake County, Indiana.

3. St. Margaret Mercy Healthcare Center is a hospital providing medical services with a hospital emergency department and at all relevant times was a participating hospital for purposes of 42 USC §1395.

4. The Court has jurisdiction in this matter pursuant to 28 USC §1331.

5. On or about December 19, 2010, Thomas L. Johnson was admitted to the emergency department of St. Margaret Mercy Healthcare Center with compartment syndrome and conditions and symptoms constituting an emergency medical condition.

6.      Thomas L. Johnson was seen by Brett E. Marcotte, D.O., Lea Creekmur, D.O., and Louis Gluek, III, M.D. in the emergency department of St. Margaret Mercy Healthcare Center and a decision was made to transfer Thomas L. Johnson to Advocate Christ Medical Center in Oak Lawn, Illinois and shortly thereafter Thomas L. Johnson had his left leg amputated.

7.      Defendant violated the Emergency Medical Treatment and Active Labor Act (hereinafter "EMTALA"), 42 USC § 1395 dd, in one or more of the following respects:

   a.   Defendant failed to provide an adequate screening examination, ancillary services, and appropriate medical treatment to Thomas L. Johnson;

   b.   Defendant transferred Thomas L. Johnson without having provided an adequate medical screening examination, ancillary services, and appropriate medical treatment;

   c.   Defendant transferred Thomas L. Johnson despite the fact that he was suffering from an emergency medical condition and in spite of the fact that he had not been stabilized; and

   d.   Defendant failed to provide medical treatment for the condition as was necessary to assure, within reasonable medical probability, that no material deterioration of the condition would result from or occur during transfer of Thomas L. Johnson to another facility.

8.      As a result of the failure of Defendant to comply with the statutory requirements of EMTALA, Thomas L. Johnson's leg was amputated. Had Defendant acted appropriately, Thomas L. Johnson's leg would have been repaired and salvaged.

9. As a result of the conduct of Defendant, Plaintiffs have suffered damages, including but not limited to bodily injury including loss of a leg, pain and suffering, surgery and rehabilitation, emotional distress, disfigurement, deformity, medical expenses, medical treatment, lost wages and loss of earning capacity, loss of quality and enjoyment of life, all other damages allowable under the law, loss of consortium, society, and affection of Plaintiff, Thomas L. Johnson, and loss of services and support of Plaintiff, Thomas L. Johnson.

WHEREFORE, Plaintiffs, Thomas L. Johnson and Yolanda Hudson-Johnson, by counsel, respectfully pray for an award of damages against Defendant in an amount which will compensate Plaintiffs for their injuries and damages, for the costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

HILBRICH CUNNINGHAM DOBOSZ
VINOVICH & SANDOVAL, LLP
*Attorneys for Plaintiffs*

Daniel B. Vinovich, #15589-45
2637 - 45th Street
Highland, Indiana 46322
(219) 924-2427
(219) 924-2481 (fax)

3